

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00093-CV

_____

IN RE MOHAMMAD MAHMOOD, RELATOR

ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

April 19, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator Mohammad Mahmood, proceeding pro se, filed a petition for writ of mandamus with this Court seeking to compel the Honorable Daniel H. Mills, sitting by assignment as judge of the 368th District Court of Williamson County in trial court cause number 19-3679-FC1, to disqualify opposing counsel and recuse himself. We dismiss the original proceeding for want of jurisdiction.

Appellate courts may issue writs of mandamus against a judge of a district or county court in its geographic district and may issue writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b). Mahmood directs his mandamus petition against the judge of the 368th District Court of Williamson County. The latter is

not a court located within the geographic district for the Seventh Court of Appeals, but, instead, one located within the district of the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(d), (h). Thus, we lack authority to issue a writ a mandamus against the judge of the 368th District Court unless the writ is necessary to enforce our jurisdiction.

Although Mahmood has an appeal presently pending before this Court, i.e. *In the Interest of A.M.*, cause number 07-22-00011-CV, that appeal was transferred from the Third Court of Appeals by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. The transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See In re Barnes*, No. 06-17-00042-CV, 2017 Tex. App. LEXIS 2784, at *2 (Tex. App.—Texarkana Mar. 31, 2017, orig. proceeding) (mem. op.); Misc. Docket No. 21-9153 (Tex. Dec. 22, 2021) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings . . . ."). And, Mahmood has not shown how the relief sought via the pending application for a writ of mandamus is necessary to enforce our appellate jurisdiction in cause number 07-22-00011-CV. *See In re Jackson*, No. 08-20-00026-CV, 2020 Tex. App. LEXIS 1003, at *2-3 (Tex. App.—El Paso Feb. 5, 2020, orig. proceeding) (mem. op.) (dismissing original proceeding where relator failed to show that mandamus was necessary to preserve the court's appellate jurisdiction over a transferred appeal).

For these reasons, we dismiss Mahmood's petition for writ of mandamus and accompanying motion for temporary relief for want of jurisdiction.

Per Curiam

Pirtle, J., concurs in the result.

2